MICHAEL G. O'NEILL
(MO3957)
Attorney for Plaintiff
30 Vesey Street
New York, New York 10007
(212) 581-0990

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------

**Carmen Nunez,**

          **Plaintiff**,

    - against -

**Superior Steel Studs, Inc. Jainarine Marinam and Raymond Frobosilo, Jr.,**

          **Defendants.**

------------------------------------------

05 Civ. 8780 (DLC)(KNF)

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff by her attorney, Michael G. O'Neill, states for her amended complaint as follows:

      1.      This is an action seeking redress for defendants' violations of plaintiff's rights under Title VII of the Civil Rights Act of 1964 and state and local antidiscrimination laws.

      2.      This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(4), and 42 U.S.C. §2000 et seq.

      3.      Venue is not properly laid in the Southern District of New York. Venue would be proper in the Eastern District of New York because plaintiff's employment records are maintained by defendant Superior Steel Studs in the Eastern District of New York, because upon information and belief all defendants are residents

1

of the Eastern District of New York, and because all of the events and transactions giving rise to this lawsuit occurred in the Eastern District of New York.

4. Plaintiff is a woman.

5. Defendant Superior Steel Studs. ("Superior") is a corporation with its principal place of business in Queens, New York. Superior is in the business of light manufacturing.

6. During all relevant times, Defendant Jainarine Marinam ("Jai") has been employed by Superior as a Manager.

7. During all relevant times, Defendant Raymond Frobosilo, Jr. ("Ray Jr.") has been employed by Superior as a Senior Manager. Upon information and belief, Ray Jr. is the son of the principal shareholder of Superior and is a corporate officer of Superior.

8. Plaintiff was hired by Superior in about October, 2002 as a machine operator.

9. Shortly afterwards, plaintiff became involved in a consensual romantic relationship with Jai.

10. Plaintiff's relationship with Jai was known generally at the workplace at Superior and known specifically to Ray Jr. Among other things, plaintiff accompanied Jai on social outings at Ray Jr.'s home or with Ray Jr.

11. In mid 2004, plaintiff broke off her relationship with Jai. Jai did not take the ending of his relationship with plaintiff well, and he engaged in a campaign of harassment that was designed to coerce her to resume her relationship with him or alternatively to punish her for not doing so.

12. This campaign of harassment took place both at the workplace and outside of it. At the workplace Jai's conduct included verbally harassing plaintiff by calling her names such as "slut," "bitch," and "hoe." Jai stalked her at the workplace, sometimes turning her machine off to get her attention to talk to him. He used his position as Manager to have plaintiff's work assignments changed and to give her excessive work, or work that was inappropriate to her position.

13. Jai's campaign of harassment was known to Superior and Ray Jr. because, in addition to being open and obvious, at least one employee discussed Jai's harassment of plaintiff with Ray Jr. and asked Ray Jr. to put an end to it. Despite being told this, Ray Jr. either did nothing, or if he did anything, it was insufficient to cause Jai to stop.

14. In about January, 2005, plaintiff filed a formal grievance with her union in which she complained of Jai's harassment of her. This was resolved by Superior agreeing that Jai would stay away from plaintiff on the work floor. Although this stopped some of the cruder forms of harassment, e.g., name calling and physically interfering with plaintiff's work, it did not eliminate Jai's harassment of plaintiff. Jai was still able to use his position as manager to manipulate plaintiff's work assignments,

and he was frequently able to position himself on the floor of the shop close enough to plaintiff's work station to intimidate her by staring at her, making gestures and faces.

15. As a result, in April, 2005, plaintiff filed a charge of discrimination against Superior with the United States Equal Employment Opportunity Commission ("EEOC").

16. On June 22, 2005, the EEOC terminated plaintiff's charge of discrimination and issued to plaintiff its "Dismissal and Notice of Rights."

17. Plaintiff commenced the within action on September 14, 2005. Accordingly, plaintiff has satisfied all conditions precedent for bringing this suit.

18. Throughout this period of time, Jai continued his campaign of harassment and retaliation against plaintiff as described above.

19. In early November, 2005, plaintiff left work early to attend a doctor's appointment. Plaintiff duly notified her supervisor and left work with his knowledge and permission.

20. When plaintiff returned to work the following day, plaintiff was called into the office to meet with Ray Jr. Plaintiff was confronted about leaving work early the day before. Even though plaintiff explained that she had a doctor's appointment and left with her supervisor's knowledge and permission, Ray Jr. terminated her employment.

21. Upon information and belief, Superior and Ray Jr. used plaintiff's excused absence from work as a pretext to terminate plaintiff's employment. Upon information and belief, Superior and Ray Jr. were motivated, in whole or in part, by the fact that plaintiff's severed relationship with Jai had caused conflict and tension at the workplace (owing to Jai's refusal to leave plaintiff alone). Further upon information and belief, Superior and Ray Jr. made the calculated decision that rather than reign in Jai, or terminate Jai, they would eliminate the problem of the conflict caused by Jai's harassment by terminating plaintiff's employment.

## Claim One

22. Plaintiff alleges that Superior subjected plaintiff to disparate terms and conditions of employment and terminated her employment on account of her gender and ethnicity in violation of 42 U.S.C. §2000e et seq.

## Claim Two

23. Plaintiff alleges that Superior subjected plaintiff to disparate terms and conditions of employment and terminated her employment on account of her gender and ethnicity in violation of the New York State Executive Law.

## Claim Three

24. Plaintiff alleges that Superior subjected plaintiff to disparate terms and conditions of employment and terminated her employment on account of her gender and ethnicity in violation of The New York City Administrative Code.

### Claim Four

25.     Plaintiff alleges that Jai directly participated in the discriminatory conduct complained of herein and is therefore personally liable to plaintiff under the New York State Executive Law.

### Claim Five

26.     Plaintiff alleges that Jai directly participated in the discriminatory conduct complained of herein and is therefore personally liable to plaintiff under the New York City Administrative Code.

### Claim Six

27.     Plaintiff alleges that Ray Jr. aided and abetted Jai in the discriminatory conduct complained of herein and is therefore personally liable to plaintiff under the New York State Executive Law.

### Claim Seven

28.     Plaintiff alleges that Ray Jr. aided and abetted Jai in the discriminatory conduct complained of herein and is therefore personally liable to plaintiff under the New York City Administrative Code.

**WHEREFORE,** plaintiff demands judgment awarding to her all relief allowed by law, including without limitation:

a) A money judgment for plaintiff's damages, including but not limited to lost wages, lost benefits, front pay, other economic damages, shame, humiliation, embarrassment and mental distress;

b) An award of punitive damages and a statutory attorneys' fee to the fullest extent provided by law;

c) Costs, interest and

d) Such further and additional relief as the Court deems just and appropriate under the circumstances.

Dated: New York, New York
       July 12, 2006

MICHAEL G. O'NEILL
(MO3957)

_____
Attorney for Plaintiff
30 Vesey Street
New York, New York 10007
(212) 581-0990

## JURY DEMAND

Plaintiff demands a jury trial.

MICHAEL G. O'NEILL
(MO3957)

_____
Attorney for Plaintiff
30 Vesey Street
New York, New York 10007
(212) 581-0990